IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LANDRETH LUMBER COMPANY; | ) | Bankruptcy Case No. 07-30466 |
| JACKSONVILLE WHOLESALE, INC., | ) | |
| | ) | |
| Debtors. | ) | |
| | | |
| ROBERT EGGMANN, Trustee for | ) | |
| Landreth Lumber Company | ) | |
| Creditor Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 09-3030 |
| | ) | |
| DENIS FORET, | ) | |
| | ) | |
| Defendant. | ) | |
| and | | |
| ROBERT EGGMANN, Trustee for | ) | |
| Landreth Lumber Company | ) | |
| Creditor Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 09-3048 |
| | ) | |
| PHILLIP DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

These matters having come before the Court on Plaintiff's Motions for Sanctions for Failure to Cooperate in Discovery; the Court, having heard arguments of the parties, having reviewed the record of these adversary proceedings, and being

otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The above-captioned adversaries were filed by the Plaintiff on February 20, 2009.

2. On May 29, 2009, the Plaintiff served discovery requests consisting of interrogatories, requests for admissions, and requests for production of documents on Defendants' counsel, William J. Meacham.

3. Pursuant to the Court's pre-trial orders, discovery in these matters was to be completed by August 7, 2009, and the cases were originally set for trial on August 21, 2009.

4. To date, Defendants' counsel, William J. Meacham, has never responded to any of the discovery requests of the Plaintiff.

5. On August 13, 2009, Plaintiff filed a Motion to Compel Discovery and to Continue Trial in each adversary.

6. On August 17, 2009, the Court entered an Order continuing the trials in these matters to November 30, 2009, and further ordered that Defendants' counsel was to fully respond to the Plaintiff's discovery requests on or before October 9, 2009. No such response has been forthcoming as of this date.

7.      On November 10, 2009, Plaintiff filed the instant Motions for Sanctions for Failure to Cooperate in Discovery, and the Motions were scheduled for hearing on November 30, 2009, at 9:00 a.m.

8.      At hearing on November 30, 2009, Defendants, Denis Foret and Phillip Davis, appeared personally; however, counsel, William J. Meacham, failed to appear.

9.      As a result of the failure of William J. Meacham to appear at hearing on November 30, 2009, trial in these matters had to be continued to January 22, 2010, and this matter was taken under advisement to determine if sanctions were appropriate pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure.

## Conclusions of Law

Pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7037, the Court finds that Defendants' counsel may be sanctioned for his failure to obey an order to provide or permit discovery. Further, pursuant to Rule 9011(c), Defendants' counsel may be sanctioned for signing the Defendants' Answers and then failing to provide any evidence in support of Defendants' positions.

In applying Rules 7037 and 9011, the Court notes that counsel has utterly failed to assist in the Defendants' defense by his failure to appear at hearing and to respond to contact from the Defendants.  The Court finds that counsel has also ignored each and every order regarding discovery in these proceedings.

As sanction for his conduct in these proceedings, the Court finds that Defendants' counsel, William J. Meacham, should be required to pay the sum of $500 to each Defendant, Denis Foret and Phillip Davis, and that William J. Meacham

should also be required to pay the sum of $500 to Plaintiff's counsel as and for attorney fees incurred as a result of Defendants' counsel's failure to comply. The Court also finds that counsel, William J. Meacham, should be required to communicate with both Defendants concerning the trial rescheduled in these matters for January 22, 2010.

      ENTERED:   December __3__, 2009.

                                    /s/Gerald D. Fines
                                    GERALD D. FINES
                                    United States Bankruptcy Judge